IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ANTHONY COLE, SR, #22707-077, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:15-CV-1875-M-BK | |
| § | | |
| FRITO LAYS, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal prisoner, filed a *pro se Motion to File a Lean . . . Under Fraudullant [sic] and Conceallment [sic] Perpetrated Upon the Courts by Lying and Covering Up to Violate the Patent and Trademark (Inventions/Ideas) and United States Constitutional Rights* against Frito Lays [sic], Taco Bell, Pepsi Co., and Yum Brands. Doc. 3 at 1. Plaintiff impliedly requests leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The United States Court of Appeals for the Fifth Circuit previously found Plaintiff was barred by three strikes. *In re Gary Anthony Cole*, No. 03-10745 (5th Cir. Feb. 3, 2004) (unpublished) (collecting prior strikes and dismissals under section 1915(g)); *see also Cole v. Frito Lays*, 3:13-CV-1819-

B-BK, Civ. Doc. 5; Civ. Doc. 7, Civ. Doc. 8 (N.D. Tex. 2013) (dismissing similar action as barred by three-strike provision and enclosing copy of three-strike order in No. 03-10745).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. See *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Even when liberally construed, the motion/complaint presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. See *Carson v. Johnson,* 112 F.3d 818, 822-823 (5th Cir. 1997). The motion/complaint asserts only claims stemming from an alleged fraud and concealment related to "Dorito Locos taco shells made of Doritos flavors," and Defendants purported failure to respond to Plaintiff's correspondence. Doc. 3 at 5-6. Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.

SIGNED June 22, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

      SIGNED June 22, 2015.

                                                         RENEE HARRIS TOLIVER
                                                         UNITED STATES MAGISTRATE JUDGE