IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GARY ANTHONY COLE, SR, #22707-077** § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | 3:15-CV-1875-M-BK | |
| § | | |
| **FRITO LAYS CO., et al.,** § | | |
| **Defendants.** § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the October 18, 2016 order of the district judge, Plaintiff's *Motion for Rule 60(b), Fraudulent Concealment Perpetrated Upon the Courts, by the Courts, under 28 U.S.C. 1915(g), Do Not Apply to These Cases*, filed October 13, 2016, has been referred to the United States magistrate judge for recommendation or determination. Doc. 17; Doc. 18. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the motion be **DENIED**.

**I.**

On August 19, 2015, the Court accepted the findings and recommendation of the undersigned and dismissed this civil action as barred by 28 U.S.C. § 1915(g), the three strikes rule of the Prison Litigation Reform Act (PLRA), based on Plaintiff's previously accrued strikes. Doc. 5; Doc. 9; Doc. 10. His appeal to the Court of Appeals for the Fifth Circuit was subsequently dismissed for want of prosecution. Doc. 16.

In the motion *sub judice*, Plaintiff maintains the PLRA does not apply to a claim brought by a prisoner against a corporation and argues the Court defrauded the parties by improperly applying section 1915(g). Doc. 17 at 2-3. Plaintiff requests that the case be reopened.[1] *Id.* at 3.

**II.**

Plaintiff fails to present "extraordinary circumstances" justifying relief under Rule 60(b)(6). *See Gov't Financial Services One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (relief under FED. R. CIV. P. 60(b)(6) is available "'only if extraordinary circumstances are present'"). Indeed, Plaintiff has offered no ground for relief permitted by any provision of Rule 60(b).[2]

---

[1] Plaintiff also asserts he mailed to the Court a letter, motion, and brief on May 9, 2016, but he has not received a response. However, the docket sheet in this case reflects no pleading or motion filed between October 2015 and the Rule 60(b) motion at issue.

[2] Rule 60(b)(6) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> **(4)** the judgment is void;
>> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> **(6)** any other reason that justifies relief.

Contrary to Plaintiff's assertions, the three strikes provision of section 1915(g) applies when "a prisoner bring[s] a civil action or appeal[s] a judgment in *a civil action or proceeding*." 28 U.S.C. § 1915(g) (emphasis added).

For the foregoing reasons, it is recommended that the Rule 60(b) motion, Doc. 17, be **DENIED**.

SIGNED November 30, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE